UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DISTRICT

| | |
|---|---|
| AFMS LLC, | Case No.: CV 10-05830-MMM (AJWx) |
| PLAINTIFF, | **STIPULATED PROTECTIVE ORDER** |
| vs. | |
| UNITED PARCEL SERVICE CO. and FEDEX CORPORATION | |
| DEFENDANTS. | |

1.  **PURPOSE AND LIMITATIONS**

The disclosure of information and the production of documents and other

materials during discovery in this action are likely to involve confidential, proprietary,

competitive, and/or private information for which special protection from public

disclosure and from use for any purpose other than prosecuting or defending this

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1
STIPULATED PROTECTIVE ORDER

litigation is warranted.   Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order (the "Protective Order").

## 2. <u>DEFINITIONS</u>

2.1    <u>Party</u>:   any party to this action and its affiliated companies, including all officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff) thereof.

2.2    <u>Disclosure or Discovery Material</u>:   all documents, items, or other information, regardless of the medium or manner in or through which such materials or information were or are generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3    <u>"CONFIDENTIAL" Information or Items</u>:   information (regardless of how generated, stored or maintained), testimony or tangible things obtained during discovery in this action that reveal a trade secret, or other confidential research, development, or financial information that is commercially sensitive, or that otherwise is entitled to protective treatment under Fed. R. Civ. P. 26(c), and personal information that is protected from disclosure by statute, regulation, or otherwise is entitled to protection from public disclosure.

2.4    <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u> <u>Information or Items</u>:   "CONFIDENTIAL" Information or Items the disclosure of

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

2
STIPULATED PROTECTIVE ORDER

which to another Party or non-party would create a substantial risk of causing the Producing Party to suffer a significant competitive or commercial disadvantage.

2.5     Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party in this action.

2.6     Producing Party:  a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7     Designating Party:  a Party or non-party that designates Disclosure or Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.8     Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.9     Outside Counsel:   attorneys, paralegals and other support personnel who are not employees of a Party, but who are retained to represent or advise a Party in this action.

2.10    In House Counsel:   attorneys, paralegals and other legal department personnel who are employees of a Party.

2.11    Counsel (without qualifier):   Outside Counsel and In House Counsel (as well as their support staffs).

2.12    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation, including his or her employees and support

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

3

**STIPULATED PROTECTIVE ORDER**

personnel, who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action.  This definition includes without limitation professional jury or trial consultants retained in connection with this litigation.

2.13   Professional Vendors:   persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium) and their employees and subcontractors.

**3.   SCOPE**

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in court or in other settings that might disclose Protected Material to persons not authorized to receive such material.

**4.   DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

**STIPULATED PROTECTIVE ORDER**

## 5.    DESIGNING PROTECTED MATERIAL

    5.1    <u>Designating Disclosure or Discovery Material for Protection</u>.  Any Producing Party may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" any Disclosure or Discovery Material that it produces and considers in good faith to be entitled to protection because it reveals a trade secret or other confidential research, development, or financial information that is commercially sensitive, or that otherwise is entitled to protective treatment under Fed. R. Civ. P. 26(c), or personal information that is protected from disclosure by statute, regulation, or otherwise is entitled to protection from public disclosure.

    If it comes to a Designating Party's attention that any Disclosure or Discovery Material that it designated for protection does not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other Parties that it is withdrawing the mistaken designation.

    5.2    <u>Manner and Timing of Designations</u>.   Except as otherwise provided in this Protective Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, Disclosure or Discovery Material must be designated for protection under this Protective Order by clearly designating the material before it is disclosed or produced.

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

Designation pursuant to this Protective Order shall be accomplished as follows:

(a)    For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page that contains Protected Material.  Use of the legend "HIGHLY CONFIDENTIAL" shall be construed as and shall have the same meaning and effect as use of the legend "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Protective Order, and, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") on each page that contains Protected Material.

(b)    For testimony given in deposition or in other pretrial or trial proceedings, any Party or the non-party offering or sponsoring the testimony may

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

6

**STIPULATED PROTECTIVE ORDER**

designate the testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by making a statement to that effect on the record during the deposition or other pretrial or trial proceeding.  Alternatively, within thirty (30) days of receipt of a transcript or recording of a deposition or other pretrial or trial proceeding, any Party or the offering or sponsoring non-party may designate such transcript or recording or any portion thereof as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by notifying all Parties, in writing, of the specific pages and lines of the transcript or recording that should be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  All transcripts or recordings of depositions shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" for thirty (30) days after receipt of the transcript or recording, or until either written notice of a designation or written notice that no designation will be made is received from all Parties, whichever occurs first.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(c)    For information produced in some form other than documentary, and for any other tangible items, the Producing Party shall affix in a

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

**STIPULATED PROTECTIVE ORDER**

prominent place on the exterior of the container or containers in which the information or items are stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

       5.3   <u>Inadvertent Failures to Designate</u>.  Inadvertent failure to designate Disclosure or Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the time of production shall not be deemed a waiver of the Producing Party's right to so designate the Disclosure or Discovery Material and may be remedied by supplemental written notice to the Receiving Party.  If such notice is given, all Disclosure and Discovery Material so designated shall thereafter be fully subject to this Protective Order as if it had been initially designated as Protected Material.   After any designation is made in accordance with this paragraph, Counsel for the Producing Party shall be responsible for providing replacement copies of all previously unmarked copies of the Protected Material.  If Disclosure and Discovery Material is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" after it was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the designated material is thereafter treated in accordance with the provisions of this Protective Order.  If Disclosure and Discovery

**STIPULATED PROTECTIVE ORDER**

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

Material subject to this paragraph is disclosed prior to being designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," such disclosure shall be subject to the provisions of Paragraph 9.

5.4    Upward Designation of Information or Items Produced by Other Parties or Non-Parties.  Subject to the standards of paragraph 5.1, a Party may upward designate (i.e., change any Disclosure or Discovery Material produced without a designation to a designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or designate any Disclosure or Discovery Material produced as "CONFIDENTIAL" to a designation of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") any Disclosure or Discovery Material produced by any other Party or non-party, provided that said Disclosure or Discovery Material contains the upward designating Party's own trade secrets or other confidential research, development, financial, personal, or commercially sensitive information, or otherwise is entitled to protective treatment under Fed. R. Civ. P. 26(c).

Upward designation shall be accomplished by providing written notice to all Parties identifying (by document production number or other individually identifiable information) the Disclosure or Discovery Material to be re-designated within thirty (30) days after receipt of the production from the Producing Party. Notwithstanding any other provision of this Protective Order, all Disclosure or Discovery Material produced by a non-Party to this action shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" for thirty (30) days

**STIPULATED PROTECTIVE ORDER**

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

after receipt of the production, or until either written notice of a designation or written notice that no designation will be made is received from all Parties, whichever occurs first.  Failure to upward designate within thirty (30) days of production, alone, will not prevent a Party from obtaining the agreement of all Parties to upward designate certain Disclosure or Discovery Material or from moving the Court for such relief. Any Party may object to the upward designation of Disclosure or Discovery Material pursuant to the procedures set forth in paragraph 6 regarding challenging designations.

### 6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     <u>Timing of Challenges</u>.   Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burden, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is made.

6.2     <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with Counsel for the Designating Party.   In conferring, the Designating Party must explain the basis for its confidentiality designation.   A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

STIPULATED PROTECTIVE ORDER

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

6.3     Confidential Information of Third Parties.  In instances where a Party produces information received from a third party that is claimed by that third party to be confidential, including without limitation documents reflecting customers or products of the third party, and such information is designated by the producing Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", and a receiving Party seeks to challenge the confidentiality designation thereof, such Party shall provide the third party with written notice of the challenge to enable the third party a reasonable opportunity to oppose the challenge.

6.4     Judicial Intervention.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion with the court that identifies the challenged Disclosure or Discovery Material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  It shall be the Designating Party's burden to show that its designation is warranted.

Until the Court rules on the challenge, all parties shall continue to afford the Disclosure or Discovery Material in question the level of protection to which it is entitled under the Producing Party's designation.

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

11
STIPULATED PROTECTIVE ORDER

## 7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   Basic Principles.   A Receiving Party may use Disclosure or Discovery Material that is disclosed or produced by another Party or by a non-party in this action only for prosecuting, defending, or attempting to settle this litigation, and for no other purpose.  Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order.   When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.  The restrictions on Disclosure or Discovery Material shall not apply to information that, at or prior to production or disclosure thereof in this action, is or was public knowledge as a result of publication by one having the unrestricted right to do so, or which is otherwise in the public domain. Nothing in this Protective Order shall in any way restrict the use or dissemination by a Party or non-party of its own Protected Material.

7.2   Disclosure of "CONFIDENTIAL" Information or Items.   Unless otherwise ordered by the Court or permitted in writing by the Party or non-party whose confidentiality interest is being protected by the designation of Disclosure or

Federal express
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

12

STIPULATED PROTECTIVE ORDER

Discovery Material as Protected Material, a Receiving Party may disclose any information or item designated as "CONFIDENTIAL" only:

(a)   to the Receiving Party's Outside Counsel of record in this action, as well as attorneys, paralegals, law clerks, and support staff of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)   to the officers, directors, and employees (including In House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed an "Agreement to Be Bound by Protective Order" in the form attached hereto as Exhibit A;

(c)   pursuant to the provisions of paragraphs 7.4(a)-(c) below, to Experts or consultants to whom disclosure is reasonably necessary for this litigation and who have signed an "Agreement to Be Bound by Protective Order" in  the form attached hereto as Exhibit A;

(d)   to the Court and its personnel in this action, including any relevant appellate court, in the event that any portion of this action is appealed;

(e)   to court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(f)   during the preparation for and conduct of their depositions, to witnesses in the action to whom disclosure is reasonably necessary and who have signed an "Agreement to Be Bound by Protective Order" in  the form attached hereto

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

13

**STIPULATED PROTECTIVE ORDER**

as Exhibit A; provided, however, that a deponent who is an employee of the Producing Party need not sign such Agreement; and

    (g) to the author or recipient of the document or the original source of the information.

    7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Party or non-party whose confidentiality interest is being protected by the designation of Disclosure or Discovery Material as Protected Material, a Receiving Party may disclose any information or items designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only:

    (a) to the Receiving Party's Outside Counsel in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

    (b) to the following three In House Counsel for each of UPS and FedEx, provided that each such Counsel signs, prior to any disclosure to him or her, an "Agreement to be Bound by Protective Order" in the form attached hereto as Exhibit A:

    (i) for defendant FedEx Corporation ("FedEx"):  Michael Gabel, Lead Counsel, Litigation, or any successor to Mr. Gabel in the position of Lead Counsel, Litigation, Jeffrey Kelsey, Managing Director – Legal and Colleen Hitch, Senior Attorney, Litigation;

**STIPULATED PROTECTIVE ORDER**

(ii)     for defendant United Parcel Service, Inc. ("UPS"): Teri McClure, General Counsel, Jeffrey D. Firestone, Vice President, Legal and Litigation Manager of UPS, or any successor to Mr. Firestone in the position of Litigation Manager of UPS, and Jill Termini, Attorney, UPS Corporate Legal Department;

(c)     to one additional In House Counsel for any party who: (1) is responsible for handling this litigation; (2) does not give advice or participate in any way in the Receiving Party's non-litigation related competitive decision-making, including but not limited to non-litigation related decisions involving contracts, marketing, pricing, product design, services, and any and all of those non-litigation related decisions made in light of similar or corresponding information about a competitor; and (3) has, prior to disclosure, signed a "Counsel's Agreement to be Bound by Protective Order" in the form attached hereto as Exhibit B.  Furthermore, an executed "Counsel's Agreement to be Bound by Protective Order" in the form attached hereto as Exhibit B shall first be submitted to Outside Counsel for the Designating Party, with copies provided to the Outside Counsel of all Parties.  The Designating Party shall have five (5) court days to provide to the Receiving Party written notice of inquiry regarding the disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or items to the executing In House Counsel.  If written notice of inquiry is not provided by the Designating Party within five (5) court days, "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

15

**STIPULATED PROTECTIVE ORDER**

information or items may then be disclosed to the executing In House Counsel.  If written notice of inquiry is provided, the Receiving Party shall have five (5) court days from receipt of said written notice of inquiry to resolve said inquiry, and any inquiries not so resolved may be the subject of a motion by the Receiving Party made no later than ten (10) days after said written notice of inquiry.  The Receiving Party shall not disclose "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or items to the executing In House Counsel until the Court has decided said motion.

(d)	pursuant to the provisions of paragraphs 7.4(a)-(c) below, to Experts or consultants to whom disclosure is reasonably necessary for this litigation and who have signed an "Agreement to Be Bound by Protective Order" in the form attached hereto as Exhibit A;

(e)	to the Court and its personnel in this action, including any relevant appellate court, in the event that any portion of this action is appealed;

(f)	to court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation; and

(g)	to the author or recipient of the document or the original source of information.

7.4	Disclosure	of	"CONFIDENTIAL"	and	"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts or Consultants.

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

16

STIPULATED PROTECTIVE ORDER

(a)     If any Party desires to disclose another Party's or non-party's information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to any Expert or consultant who, in the five years prior to the date this Protective Order is entered, has (1) been employed by or consulted for a Party in this action (or its predecessor) in a non-litigation capacity, (2) provided pricing-related consulting or negotiation services to a customer of another Party in this action, or (3) been employed by or consulted for another Party in this action (or its predecessor) in a litigation capacity, then and only then, that Party must first identify in writing to Outside Counsel for the Designating Party, with copies to Outside Counsel for all Parties, that Expert or consultant and a general description of all circumstances requiring identification pursuant to this sub-paragraph sufficient to allow the Designating Party to determine if it will object to the disclosure of its "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information to that Expert or consultant, unless the Designating Party agrees to permit disclosure without such information.  Counsel for the Designating Party shall have ten (10) days from receipt of such notice to undertake meet-and-confer procedures, during which time no Protected Material shall be disclosed to the Expert or consultant, and any objections not informally resolved shall be the subject of a motion by the Designating Party, who shall have the burden to support the restriction on dissemination of its "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information to that Expert or consultant.

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

17
**STIPULATED PROTECTIVE ORDER**

(b)     Such identification of an Expert or consultant under section 7.4(a) shall include the full name, professional address and affiliation of the Expert or consultant, the present and prior employments or consultancies of the Expert or consultant, work done for any Party in this action and/or their predecessors (other than work done in this litigation), and a description of any pricing-related engagements pertaining to any Party (other than the engaging Party).

(c)     If a Designating Party files a motion pursuant to this section to preclude disclosure to an Expert within 10 days of a meet and confer as specified in section 7.4(a), then no disclosure shall be made to the Expert unless and until the motion has either been withdrawn or resolved.

## 8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED

## PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in separate litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party as well as all other Parties, in writing (by email or fax, if possible) immediately and in no event more than five (5) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

18

**STIPULATED PROTECTIVE ORDER**

The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of the Protective Order.  In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

In addition, unless otherwise required by law, the Receiving Party must not voluntarily disclose the Designating Party's Protected Material until ten (10) court days after it has provided notice of the subpoena or court order to the Designating Party to allow the Designating Party time to object.  If the Designating Party notifies the Receiving Party of its intent to object to the production or disclosure of its Protected Material, then the Receiving Party must immediately notify in writing the party who caused the subpoena or order to issue in the other litigation of the Designating Party's contemplated objection.  Furthermore, the Receiving Party must not voluntarily disclose the Designating Party's Protected Material prior to the resolution of the Designating Party's objection unless otherwise required by law, and the Receiving Party must make a good faith effort to obtain an extension on the time it is required to produce Protected Material until the date the Designating Party's objection is resolved.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to protect its confidentiality interest in the court from which the

**STIPULATED PROTECTIVE ORDER**

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

subpoena or order is issued.  The Designating Party shall bear the burden and the expense of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A.

## 10.   FILING PROTECTED MATERIAL

Without written permission from the Party or non-party whose confidentiality interest is being protected by the designation of Disclosure or Discovery Material as Protected Material or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  If a Party wishes to submit any Protected Material to the court in this action that has been designated as "CONFIDENTIAL" or "HIGHLY

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

20

STIPULATED PROTECTIVE ORDER

CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Party shall comply with the procedures of the United States District Court for the Central District of California. Unless directed by the Court to do otherwise, the Party shall submit such Protected Material "under seal" by filing such Protected Material in a sealed envelope or other appropriate sealed container, which envelope or container shall be marked "CONFIDENTIAL MATERIAL FILED UNDER SEAL."

## 11.   **USE OF PROTECTED MATERIAL AT DEPOSITIONS**

If "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material is disclosed at a deposition, only the court reporter and those persons who are authorized by the terms of this Order to receive such material may be present.

## 12.   **FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, voluntary dismissal of a Party, or court ordered dismissal of a Party, each Receiving Party must return to the Producing Party or destroy all Protected Material.  As used in this paragraph, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  With notice to the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it to the Producing Party.  Whether the Protected

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

21
**STIPULATED PROTECTIVE ORDER**

Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

## 13.   <u>**INADVERTENTLY PRODUCED DOCUMENTS**</u>

If a Party at any time notifies any other Party that it inadvertently produced documents, testimony, information, and/or things that are protected from disclosure under the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity, or the Receiving Party discovers such inadvertent production, the inadvertent production shall not be deemed a waiver of the applicable privilege or protection.   The Receiving Party shall return all copies of such documents, testimony, information and/or things to the inadvertently producing Party

**STIPULATED PROTECTIVE ORDER**

Federal express
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

within five (5) court days of receipt of such notice or discovery and shall not use such items for any purpose until further order of the Court.

### 14.  **ADVICE TO CLIENT**

Nothing in this Protective Order will bar or otherwise restrict Counsel from rendering advice to his or her client with respect to this matter or from generally referring to or relying upon "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Disclosure or Discovery Material in rendering such advice, provided however, that in rendering such advice or in otherwise communicating with his or her client, Counsel shall not reveal or disclose the specific content thereof if such disclosure is not otherwise permitted under this Protective Order.

### 15.  **THIRD PARTIES**

Any third party producing documents and/or providing testimony in this litigation may take advantage of this Order in protecting its Confidential and/or Highly Confidential Information.

### 16.  **MISCELLANEOUS**

16.1   Right to Further Relief.  Nothing in this Protective Order abridges the right of any Party to seek its modification by the Court in the future.  In particular, nothing in this Protective Order precludes any party from seeking additional or other

**STIPULATED PROTECTIVE ORDER**

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

protection for highly sensitive competitive information above and beyond the protections available under this Order.

16.2   <u>Right to Assert Other Objections</u>.   By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.   Similarly, no Party waives any right to object on any ground to introduction or use as evidence of any of the Disclosure or Discovery material covered by this Protective Order.

GOOD CAUSE APPEARING THEREFOR, IT IS SO ORDERED.

DATED:   September 30, 2011



**ANDREW J. WISTRICH**
**UNITED STATES MAGISTRATE JUDGE**

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

24
**STIPULATED PROTECTIVE ORDER**

1
2

## **AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

3      I, _____ [print or type full name], of _____

4 _____ [print or

5 type full address], declare under penalty of perjury that I have read in its entirety and

6 understand the Stipulated Protective Order that was entered by the United States

7 District Court for the Central District of California on _____, 2011 [date] in the

8 case of *AFMS v. United Parcel Service Co. and FedEx Corporation,* Case No. NO.

9 2:10-CV-05830-MMM-RC.  I agree to comply with and to be bound by all the terms

10 of this Stipulated Protective Order, and I understand and acknowledge that failure to

11 so comply could expose me to sanctions and punishment in the nature of contempt.  I

12 solemnly promise that I will not disclose in any manner any information or item that is

13 subject to this Stipulated Protective Order to any person or entity except in strict

14 compliance with the provisions of this Order.

15      I further agree to submit to the jurisdiction of the United States District Court

16 for the Central District of California for the purpose of enforcing the terms of this

17 Stipulated Protective Order, even if such enforcement proceedings occur after

18 termination of this action.

19

20 Dated:_____

21 City and State where signed:_____

22 Printed name:_____

23 Signature:_____

24
25
26
27
28

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

25
**STIPULATED PROTECTIVE ORDER**

## EXHIBIT B

## COUNSEL'S AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ [print or type full name], of _____[Party], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was entered by the United States District Court for the Central District of California on _____ [date] in the case of *AFMS v. United Parcel Service Co. and FedEx Corporation,* Case No. NO. 2:10-CV-05830-MMM-RC.

I am an in-house attorney for_____ [Party], one of the Parties in the above-referenced case (hereinafter sometimes referred to as "the Party."). I am not involved in making non-litigation related competitive business decisions on behalf of the Party. Rather, I am responsible for litigating disputed matters, such as the above-referenced case, and providing advice on how to avoid litigation and be better positioned to succeed in litigation should it arise. More particularly, I provide support to business units that request representation from either me or the Legal Department on such matters, including but not limited to disputes over leases, contracts, cargo, employment and commercial matters. Such representation is often undertaken as attorneys representing a client on matters in anticipation of litigation. As in private practice, I counsel and assist the business units as clients in determining how to resolve business disputes in light of the client's legal rights and responsibilities and how to avoid litigation or be better positioned to succeed in litigation should it arise. This counseling and assistance generally occurs after a potential dispute has arisen requiring legal advice but also occurs prior to the existence of a dispute, in an effort to avoid litigation. I do not get involved in making competitive business decisions involving intellectual property or other information regarding the respective operations of either Party to this case, notwithstanding that they are competitors. I

confirm that I will not participate in the making of non-litigation related competitive business decisions on behalf of the Party during the course of this litigation.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Dated:_____

City and State where signed:_____

Printed name:_____

Signature:_____

**STIPULATED PROTECTIVE ORDER**

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614