**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AFMS LLC, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> UNITED PARCEL SERVICE, INC.; FEDEX CORPORATION, <br><br> Defendants-Appellees. | No.   15-55778 <br><br> D.C. No. 2:10-cv-05830-JGB-AJB <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Argued and Submitted March 8, 2017
Pasadena, California

Before:    REINHARDT, TASHIMA, and NGUYEN, Circuit Judges.

AFMS LLC ("AFMS") appeals the grant of summary judgment in favor of Appellees United Parcel Service, Inc. ("UPS") and FedEx Corporation ("FedEx") on AFMS' antitrust suit under § 1 of the Sherman Act, 15 U.S.C. § 1. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Summary judgment in an antitrust case is appropriate where the plaintiff fails to define a cognizable market. *See, e.g.*, *Morgan, Strand, Wheeler & Biggs v. Radiology, Ltd.*, 924 F.2d 1484, 1489 (9th Cir. 1991). AFMS proffers two market definitions: a market for "shipping consultation services" and a market for "rate negotiation." AFMS has attempted to construct markets that include solely itself, other third party rate consultants, UPS, and FedEx. They cannot, however, explain their exclusion of in-house shipping advisors, the U.S. Postal Service, regional carriers, or other types of shipping consultants. Further, it is highly questionable whether UPS and FedEx are participants in the market for "rate negotiation."[1] To establish antitrust standing, an antitrust plaintiff must participate in "the same market as the alleged malefactors." *Amarel v. Connell*, 102 F.3d 1494, 1508 (9th Cir. 1996) (quoting *Bhan v. NME Hosps., Inc.*, 772 F.2d 1467, 1470 (9th Cir. 1985)).

AFMS has failed to define a cognizable market or to show that both it and Appellees are participants in that market.

The district court's grant of summary judgment is

**AFFIRMED.**

---

[1] It seems highly implausible that a shipping company, such as UPS or FedEx, could "negotiate" with itself about the rates it would charge shippers.